UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60182-CR-CANNON/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BIBI BACCHUS,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 31) from United States District Judge Aileen M. Cannon, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Bibi Bacchus in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on October 29, 2021, recommends to the District Court as follows:

1. On October 29, 2021, the undersigned held a hearing[1] to permit Defendant,

---

[1] Defendant and AUSA Cahill appeared in court before the undersigned. Defense counsel appeared by Zoom videoconference with the agreement of Defendant and with permission from the undersigned. Both Parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter. Defendant is in custody and would like to expedite placement into a safer environment. Accordingly, pursuant to S.D. Fla. Administrative Order 2021-74 and previous related administrative orders, the undersigned finds that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

Bibi Bacchus, to enter a change of plea.  At the outset of the hearing, the undersigned advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case.  Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case.  The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2.   Defendant was advised that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3.   The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4.   The Parties have entered into a written Plea Agreement.  ECF No. 36.  The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that she signed and understood the Plea Agreement.  The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (the statutory maximum is 20 years' imprisonment due to Defendant's prior conviction for an aggravated felony, as

indicated by the reference to 8 U.S.C. §1326(b)(2)). Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes. Defendant acknowledged that she understood the possible maximum penalties (including fines, supervised release, restitution, and special assessments) that could be imposed in this case.

5. Defendant pleaded guilty to Count 14 of the Indictment, which charges her with illegal reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This is the only count in the Indictment that charges this Defendant. There is no forfeiture count against this Defendant.

6. The Plea Agreement contains a waiver of appeal, which the undersigned discussed with Defendant on the record. Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, she was waiving or giving up all rights to appeal her conviction and any sentence imposed by the District Court in this case, including restitution, except under the limited circumstances set forth in the appeal waiver provision in the Plea Agreement. The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

7. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 37), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable. Defendant acknowledged on the record that she had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of

the offense to which she is pleading guilty.

8. The undersigned advised Defendant about the possible immigration and other collateral consequences of her guilty plea.

9. Defendant expressed satisfaction with her counsel's representation.

10. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Bibi Bacchus, be found to have freely and voluntarily entered her guilty plea to Count 14 of the Indictment as more particularly described herein and that she be adjudged guilty of these offenses.

11. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office.  **Sentencing has been set for January 7, 2022, at 3:00 p.m. in Fort Pierce before the Honorable Aileen M. Cannon, United States District Judge.**  The Parties were advised of this date and time.  The Parties were advised that the sentencing will be in person, not by videoconference.

Accordingly, the undersigned RECOMMENDS that Bibi Bacchus' plea of guilty be accepted, that Defendant be adjudged guilty of the offense to which she has entered her plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of

plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016). **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th day of November, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Aileen K. Cannon
U.S. Probation
All counsel of record